**No. 24-1227**

_____

**In the
UNITED STATES COURT OF APPEALS
for the
SIXTH CIRCUIT**

---

**UNITED STATES OF AMERICA**

Plaintiff - Appellee**,**

**v.**

**Matthew Mercer-Kinser**

Defendant - Appellant.

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
No.: 19-CR-20772**

_____

**BRIEF OF APPELLANT**


Submitted on behalf of the Appellant by:
David W. Camp
CAMP & CAMP, PLLC
403 N Parkway, Suite 201
Jackson, Tennessee 38305
(731) 664-4499
david@campattorney.net

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES …………………………………………….…….…..iii

STATEMENT OF ORAL ARGUMENT.………………....………….………………..1

JURISDICTIONAL STATEMENT …………………………….……...1

STATEMENT OF ISSUE.………………………………………...…2

STATEMENT OF THE CASE.……………………………………...…………..… ..3

SUMMARY OF ARGUMENT …………………………….……5

ARGUMENT …. ……………………………………….…….…6

CONCLUSION.…………………………………………….....27

CERTIFICATE OF SERVICE.……………………….………29

CERTIFICATION OF COMPLIANCE ………………………..29

# <u>TABLE OF AUTHORITIES</u>

*Ashcroft v. Free Speech Coal.*, 535 U.S. 234, (2002)……………………………..25

*Bd. Of Trs. Of State Univ. of New York v. Fox* 492 U.S. 469, (1989)…………25, 27

*Broadrick v. Oklahoma*, 413 U.S. 601, (1973)…………………………………24

*Evers v. United States,* No. 17-55419, 2017 WL 8794876, at *2 (6th Cir. October 27, 2017)…………………………………………………………………………..13

*Felix v. Young* 536 F.2d 1126, (6th Cir. 1976)……………………………………..25

*Forsyth County v. Nationalist Movement* 505 U.S. 123, (1992)…………………..25

*Huddleston v. United States* 485 U.S. 681, (1988)………………………………..19

*Jackson v. Virginia* 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560, (1979)…8

*Members of City Council of Los Angeles v. Taxpayers for Vincent* 466 U.S. 780, (1984)……………………………………………………………………………...25

*New York v. Ferber* 458 U.S. 747, (1982)…………………………………………25

*United States v. Ashworth* 836 F.2d 260, (6th Cir. 1988)…………………………13

*United States v. Bankston*, 820 F.3d 215, (6th Cir. 2012)…………………………..8

*-United States v. Bell* 516 F.3d 432, (6th Cir. 2008)…………………………...18, 22

*United State v. Brown*, 25 F.3d 307 (6th Cir. 1994)………………………………..26

*United States v. Brown* 579 F. 3d 672 (6th Cir. 2009)………………………....11, 12

*United States v. Churn* 800 F.3d 768, (6th Cir. 2015)……………………………..23

*United States v. Clay*, 667 F.3d 689, (6th Cir. 2012)……………………………...23

*United States v. Cunningham*, 679 F.3d 355, (6th Cir. 2012)……………………...8

*United States v. Dost*, 636 F. Supp. 828, (S.D. Cal. 1986)………………………11

*United States v. Edwards*, 813 F.3d 953 (10th Cir. 2015)…………………………14

*United States v. Hardy* 228 F.3d 745, (6th Cir. 2000)……………………………..23

*United States v. Johnson*, 27 F.3d 1186 (6th Cir. 1994)………………………21, 22,

*United States v. Johnson*, 792 Fed. Appx. 349, (6th Cir. 2017)……………………..9

*United States v. Kestler*, No. 2:22-CR-067, 2023 U.S. Dist. LEXIS 15737, 2023 WL 1099726 at *2 (S.D. Ohio Jan. 30 2023)…………………………………..14

*United States v. Lutz* 154 F.3d 581, 589 (6th Cir. 1998)…………………………..13

*United States v. Matthew Mercer-Kinser* 09-20001 (E.D. Mich)…………………22

*United States. v Plavcak* 411F. 3rd 655 (6th Cir. 2005)……………………………24

*Virginia v. Black*, 538 U.S. 343, (2003)…………………………………………...24

*White v. Baker,* 696 F. Supp.2d 1289 (N.D. Ga. 2010)…………………………17

*Woodby v. INS,* 385 U.S. 276, 282, 87 S. Ct. 483, 17 L. Ed. 2d 362 (1966)……….9

## OTHER AUTHORITIES

18 U.S.C. 2252…………………………………………………………………24

18 U.S.C. 2252(A)(a)(1)……………………………………………………….22

18 U.S.C. 2252A(a)(2)………………………………………………1, 2, 3, 5, 8, 27

18 U.S.C. Section 2252(a)(5)(B)…………………………………………….3, 5

18 U.S.C. Section 2256(8)(A)……………………………………………….10

28 U.S.C. § 1291………………………………………………………...1

Federal Rules of Evidence 104(b)…………………………………………...19

Federal Rules of Evidence 402………………………………………………19

Federal Rules of Evidence 403………………………………………………19

Federal Rules of Evidence 404(b)………………………2, 6, 18, 19, 20, 21, 22, 23

Federal Rules of Evidence 414………………………………………………22

**STATEMENT OF ORAL ARGUMENT**

Your defendant would submit that oral argument is requested in that it will assist this Honorable Court in determining the issues presented.

**STATEMENT OF JURISDICTION**

Matthew Mercer-Kinser ("Defendant") was found guilty as to Count 1 of his indictment charging him with receipt of child pornography in violation of 18 U.S.C. Section 2252A(a)(2). (D.E. 57 Verdict Form Page ID 321-322) A sentence of 188 months was imposed on March 15, 2024. (D.E.81 Sentencing Transcript Page ID 835). Defendant filed a timely appeal on March 19, 2024. (D.E. 74 Notice of Appeal Page ID 676-677) This Court's jurisdiction is based on 28 U.S.C. § 1291, which provides for jurisdiction over a final judgment of a United States District Court.

## STATEMENT OF ISSUES

### ISSUE I

### WHETHER THERE WAS SUFFICIENT EVIDENCE TO ESTABLISH RECEIPT OF CHILD PORNOGRAPHY IN VIOLATION OF 18 U.S.C. Section 2252A(a)(2)

### ISSUE II

### THE DISTRICT COURT ERRED WHEN IT GRANTED THE GOVENRMENT'S MOTION UNDER RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE AND ALLOWED INTRODUCTION OF EVIDENCE CONSISTING TO TEXT COMMUNICATIONS BETWEEN THE DEFENDANT AND HIS MINOR DAUGHTER

### ISSUE III

### THE DISTRICT COURT ERR IN DENYING THE DEFENDANT'S MOTION TO DISMISS

## STATEMENT OF THE CASE

### A.  Procedural Posture

A criminal complaint was filed against the defendant on November 1, 2019. (D.E. 1 Criminal Complaint Page ID 1-21). The United States District Court for the Eastern District of Michigan, Southern Division returned a two-count indictment on November 21, 2019 charging the defendant with: Count 1 – receipt of child pornography in violation of 18 U.S.C. Section 2252A(a)(2) and Count 2- possession of child pornography in violation of 18 U.S.C. Section 2252(a)(5)(B). The trial in this matter began on February 22, 2023 and concluded on February 28, 2023. (D.E. 84-D.E. 87 Page ID 936-1504). The jury found the defendant guilty as to count 1 of the indictment and also found that there had been seven images of child pornography. (D.E. 57 Verdict Form Page ID 321-322). A sentencing hearing took place on March 15, 2024. (D.E. 81 Sentencing Hearing Transcripts).  A sentence of 188 months was imposed.  (D.E. 81 Sentencing Transcript Page ID PAGE 780). Defendant filed a timely appeal on March 19, 2024. (D.E. 74 Notice of Appeal Page ID 74)

**B.  Statement of the Facts**

On October 2, 2019, the Federal Bureau of Investigation received information that the defendant had engaged in activity involving allegations of grooming with his own daughter, age 10, as well as another 15-year-old female. (D.E. 1 Criminal Complaint Page ID 6). At the time this took place, the defendant was living in a half-way house in Detroit, Michigan. (D.E. 1 Criminal Complaint Page ID 6). An investigation was commenced and on October 10, 2019, a representative from the half-way house took possession of the defendant's cell phone (D.E. 1 Criminal Complaint Page ID 17). Later in the afternoon, the defendant attempted suicide by running onto I-94 and getting hit by a tractor-trailer truck. He sustained non-life-threatening injuries. (D.E. 1 Criminal Complaint Page ID 17).

That a federal search warrant was obtained for the defendant's phone and it was executed on October 11, 2019. (D.E. 1 Criminal Complaint Page ID 18). A review of the contents of the phone was conducted and it is alleged that the phone had thousands of deleted items including photographs, and "jailbait" internet bookmarks. There were also 163 images of "what appeared to be children and young teenagers in various stages of undress".  (D.E. 1 Criminal Complaint Page

ID 18)

That based on the information alleged to have been retrieved from the cellphone, an indictment was returned charging the defendant with Count 1 – receipt of child pornography in violation of 18 U.S.C. Section 2252A(a)(2) and Count 2- possession of child pornography in violation of 18 U.S.C. Section 2252(a)(5)(B).

## <u>SUMMARY OF ARGUMENT</u>

There was insufficient evidence to establish the defendant was guilty of receiving child pornography. The government's case centered on the admission of seven images purported to be child pornography. The trial court erred when it denied the defendant's Motion in Limine to exclude the images as well as the internet bookmarks alleged to be accessed by the defendant. The district court failed to use its position as a thirteenth juror and therefor erred in its ruling.

The district court erred when it granted the government's motion under rule 404(b) and allowed introduction of evidence involving text communications between the defendant and his minor daughter. The text messages in question should not have been introduced under rule 404(b). The text messages in question were unfairly prejudicial and the prejudice substantially out weighted the probative value. Furthermore, the text messages were not part of the res gestae of the case. They were not inextricably intertwined with the allegations concerning receipt of child pornography.

The district court erred when it denied the defendant's Motion to Dismiss. The charges against the defendant should have been analyzed as an as-applied challenge.

The court permitted otherwise protected free speech to be used to incriminate the defendant and allowed the defendant to be prosecuted in violation of his constitutional right to free speech and to association.

**ARGUMENT**

**ISSUE I**

**WHETHER THERE WAS SUFFICIENT EVIDENCE TO ESTABLISH
RECEIPT OF CHILD PORNOGRAPHY IN VIOLATION OF 18 U.S.C.
Section 2252A(a)(2)**

The defendant commenced his jury trial on February 22, 2023, wherein he was ultimately convicted of Count 1 in violation of 18 U.S.C. Section 2252A(a)(2). The Defendant was also found by the jury to have received seven separate images of child pornography. (D.E. 57 Verdict Form Page ID 321-322). During the trial, at the conclusion of the government's proof, the defendant's attorney moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. (D.E. 86 Trial Transcript Page ID 1352).

An appellate court reviews sufficiency of the evidence *de novo*. "We review sufficiency of the evidence de novo, affirming the defendant's convictions if, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Bankston*, 820 F.3d 215, 235 (6th Cir. 2016) (quoting *United States v. Cunningham*, 679 F.3d 355, 369 (6th Cir. 2012)). In *Jackson v. Virginia*, the Supreme Court held that "the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply

to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (footnote omitted). This "inquiry does not require a court to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id*. at 318-19 (quoting *Woodby v. INS*, 385 U.S. 276, 282, 87 S. Ct. 483, 17 L. Ed. 2d 362 (1966)). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 319.  (Citing *United States v. Johnson*, 702 Fed. Appx. 349, 357-58 (6th Cir. 2017).

In the case at bar, there was insufficient evidence to find the defendant guilty of the crime of receipt of child pornography. The district court made erroneous rulings on several pretrial motions. As a result of the district court's erroneous rulings, evidence was allowed to be presented to the jury that should have been excluded. The pretrial motions were as follows:

A. The district court erred when it denied the defendant's Motion in Limine to Exclude Erotica and "Jailbait" Internet Web Forum Bookmarks.

9

That on April 1, 2021 the defendant filed a Motion in Limine to Exclude Erotica and "Jailbait" Internet Web Forum Bookmarks along with a supporting brief. (D.E. 28 Motion Page ID 108-115).

The motion included an objection to the introduction of evidence involving images obtained from the search of the defendant's cellphone. The defendant also objected to the introduction of evidence pertaining to any internet web forum bookmarks found on the defendant's phone.

## Images

In the case at bar, it was reported that there were 163 images reviewed by trial counsel for the defendant. Trial counsel reported to the district court that almost all of the images reviewed (160 of the 163 images) were clearly child erotica and not child pornography. (D.E. 28 Motion Page ID 112). This left a total of three images that could have arguably been considered child pornography.

The statutory definition of child pornography references to "lascivious" exhibition of the genitals and pubic area. 18 U.S.C. Section 2256(8)(A). The statute provides as follows: (8) "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where

(A) the production of such visual depiction involves the use of a minor

engaging in sexually explicit conduct;

(B) such visual depiction is a digital image, computer image or computer-

generated image that is, or is indistinguishable from that of a minor

engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear

that an identifiable minor is engaging in sexually explicit conduct.

This Honorable Court has applied a six-factor test for "lasciviousness". In

*United States v. Brown* 579 F.3d 672 (6th Cir. 2009), this Honorable Court

developed factors to consider whether an image is child pornography or child

erotica. In *Brown,* this Honorable Court noted that congress has not defined the

term "lascivious". *Brown* at p. 680. This Honorable Court then applied the six-

factor test for "lasciviousness" as set forth in *United States v. Dost*, 636 F.Supp.

828, 832 (S.D. Cal. 1986). This six-factor test is as follows:

1.  Whether the focal point of the visual depiction is on the child's genitalia or

pubic area;

2.  Whether the setting of the visual depiction is sexually suggestive, i.e., in a

place or pose generally associated with sexual activity;

3.  Whether the child is depicted in an unnatural pose, or in inappropriate attire,

considering the age of the child;

11

4.  Whether the child is fully or partially clothed, or nude;

5.  Whether the visual depiction suggests sexual coyness or a willingness to
    engage in sexual activity;

6.  Whether the visual depiction is intended or designed to elicit a sexual
    response in the viewer.

In *Brown*, this Honorable Court ruled further that this list was not exhaustive
and an image need not satisfy every factor to be deemed lascivious. "The inquiry
will always be case-specific". *Brown* at p. 680.

It was further ruled by this Honorable Court in Brown, that consideration of
factors that do not relate directly to the taking of images, such as the past bad acts
of the defendant, the defendant's possession of other pornography (pornography of
another type or of other victims), and other generalized facts that would relate only
to the general "unseemliness" of the defendant should be rejected. *Brown* at p. 684.
This is necessary to avoid the undue prejudice associated with criminalizing
behavior not targeted by the statute and thus avoid constitutional concerns. Brown
at p. 684

In the case at bar the jury was permitted, over the objection of the
defendant, to view seven separate images in order to determine if these images
were child erotica or child pornography. (D.E. 32 Order Page ID 138-140).  It is
well settled however that the district judge can act in the role of a "thirteenth juror"

12

and consider the weight of the evidence to assure that there has not been a manifest miscarriage of justice. *United States v. Ashworth* 836 F.2d 260, 266 (6th Cir. 1988); *United States v. Lutz* 154 F.3d 581, 589 (6th Cir. 1998).

In the case at bar, the United States introduced into evidence a total of seven images retrieved from the defendant's cellphone and purported to be child pornography.   (D.E. 85 Trial Transcript Page ID 1201-1207). The defendant renewed objection to introduction of the images because they were child erotica. (D.E. 85 Trial Transcript Page ID 1202). At the conclusion of the government's proof, the defendant moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.  (D.E. 86 Trial Transcript Page ID 1352).

The introduction of these images created a manifest miscarriage of justice. It is clear that these seven images were the foundation of the government's case against the defendant. That without these images there would clearly be insufficient evidence and a judgment of acquittal would have been granted. In this case, the district court erred when it refused/failed to review the images, apply the factors in *Dost*, and then rule on whether the images should be admitted into evidence. The district court relied on the unreported decision in *Evers v. United States*, No. 17-5419, 2017 WL 8794876, at *2 (6th Cir. October 27, 2017) in determining this is a jury question and supporting its' decision to refuse to consider whether the images actually depicted child pornography or child erotica.

13

In the reported decision of *United States v. Edwards*, 813 F.3d 953 (10th Cir. 2015) the district court made a finding that there was no probable cause for the issuance of a search warrant, when the court reviewed images that had been described in an affidavit and found the images were child erotica and therefore did not satisfy the definition of child pornography.  This establishes that district court's do have the authority to review images in order to determine whether said images are either child erotica or child pornography. The district court, in the case at bar, erred when it ruled that this determination was a jury question.  (D.E. 32 Order Page ID 138-140).

Assuming arguendo, the district court did not err when it failed to review the images pretrial and in advance of admission into evidence; the district court erred when it did not exercise its' authority as the thirteenth juror and review the images at the conclusion of the government's case in chief, as part of the motion for judgment of acquittal, in order to determine if the admission of the images had been in error.

In addition, it is well settled that "When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so questions of foundation, relevancy, and potential prejudice can be resolved in the proper context. *United States v. Kestler*, No. 2:22-CR-067, 2023 U.S. Dist. LEXIS 15737, 2023 WL 1099726 at *2 (S.D. Ohio Jan. 30 2023)

**Bookmarks**

In the case at bar, the government was permitted to introduce evidence, via testimony of Special Agent Ray Nichols of the existence of bookmarks on the cellphone of the defendant. In his pretrial motion, the defendant objected to the introduction of evidence of "deleted internet bookmarks" that were purported to lead to websites that host child pornography related online forums. (D.E. 28 Motion Page ID 109-113). The government conceded the following, "The smartphone also contained deleted bookmarks to "jailbait" forums on the internet. Such forums are geared toward sharing child pornography and discussion of underage children. **Often these forums require users to register with a password in order to access the forum. The case agent accessed the public pages of these forums using the links that were bookmarked on Mercer-Kinser's smartphone."** (D.E. 29 Government response Page ID 119-120). (emphasis added). The district court ruled that it could not make a finding on the introduction of this evidence because evidence would need to be presented that the defendant used the bookmarks to view the websites. The district court also ruled that the government must establish that the same content viewed by the investigator was also viewed by the defendant. (D.E. 32 Order Page ID 141).

The district court ruled further that the "names of the forum websites as shown in the bookmark links evince an interest in children for sexual reason, they will not

15

be excluded: they are relevant to the elements of knowledge and intent, as well as the charge of possession." (D.E. 32 Order Page ID 142).

During the trial in this matter, Special Agent Ray Nichols, testified about the existence of these bookmarks on the defendant's cell phone. Agent Nichols testified that a bookmark is "exactly as it sounds. It is a way to save for reference a future web page. So, it doesn't save the page itself, it just saves the URL or website address." (D.E. 85 Trial Transcript Page ID 1187). Agent Nichols testified that the particular bookmarks had been deleted from the defendant's cellphone. (D.E. 85 Trial Transcript Page ID 1188). Agent Nichols then testified that the name of the bookmarks included "Jailbait pill", "Motherless", "Raping girls is fun" (D.E. 85 Trial Transcript Page ID 1188-1189).

Although specified in the order of the court on August 10, 2021, it does not appear that Agent Nichols testified that the Defendant had viewed the same content that the investigator viewed. Agent Nichols conceded that it appeared likely that other inmates at the halfway house where the defendant was living could have accessed the phone. (D.E. 85 Trial Testimony Page ID 1244). Agent Nichols conceded that he could not tell if the defendant ever searched any of the images of alleged child pornography that was found on the cellphone. (D.E. 85 Trial Testimony Page ID 1245). Agent Nichols could not tell the dates the images were placed on the cellphone. (D.E. 85 Trial Testimony Page ID 1245).

16

The district court erred when it denied the Motion in Limine and permitted introduction of evidence of bookmarks; especially when the government was unable to establish that there had been any viewing of a particular image by the defendant. Assuming arguendo, that the defendant had been involved in communication on these forums they are by their very nature, discussions amongst individuals about the subject matter of sex with minors. Participation in these forums is by their nature free speech.

As ruled in *White v. Baker*, 696 F.Supp.2d 1289 (N.D. Ga. 2010) the online forums are "arguably included forums (such as blogs) in which protected speech occurred." The district court's ruling in the case at bar, allowed evidence of the defendant's participation in a forum to be used as proof that the defendant was guilty of receiving child pornography. This is in violation of the defendant's freedom of speech rights protected by the First Amendment of the United States Constitution.

**ISSUE II**

**THE DISTRICT COURT ERRED WHEN IT GRANTED THE GOVENRMENT'S MOTION UNDER RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE AND ALLOWED INTRODUCTION OF EVIDENCE CONSISTING TO TEXT COMMUNICATIONS BETWEEN THE DEFENDANT AND HIS MINOR DAUGHTER**

In specific context of Federal Rule of Evidence 404(b) the appellate court employs a three-part test reviewing for clear error determination the other act took place, de novo the legal determination the evidence was admissible for a proper purpose and abuse of discretion for determination that the probative value substantially outweighs the prejudicial effect. *United States. v Bell* 516 F.3d 432, 440 (6th Cir. 2008).

The government argues that the basis for the admission of 404(b) evidence was assertions made by defendant in a Motion to Dismiss that was filed on January 5, 2023. (D.E. 45 Motion to Dismiss Page ID 184-229). More specifically, the government argued that the statement by the defendant that he "never intended to receive or possess" child pornography, that he "sought only legal child erotica" and that "there is no way to ensure that one will not "inadvertenly [sic] access child pornography while seeking only legal child erotica "put the matter at issue. This warranted admission of the evidence under Rule 404(b). (D.E. 48 Notice Page ID 236). The district court erred when it permitted the government to introduce these text message communications during the trial. (D.E. 84 Trial Transcript Page ID 939-943).

That during the trial the government presented the testimony of Shannon Adams. (D.E. 86 Trial Transcript Page ID 1287-1318). Ms. Adams identified the defendant as her "ex-brother-in-law". (D.E. 86 Trial Transcript Page ID 1287). The

defendant was previously married to Ms. Adams sister. The minor child involved in the text communications was Ms. Adams niece.

That during the course of her testimony, Ms. Adams introduced several text communications between the defendant and his minor daughter. (D.E. 86 Trial Transcript Page ID 1295-1296, Exhibit 8). That the content of the emails introduced during the trial involved generalized conversation and did not specifically address that the defendant was actually receiving child pornography.

Rule 404(b) of the Federal Rules of Evidence begins by reiterating the lesson from Rule 404(a) – Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. In other words, character evidence is inadmissible. There are narrow exceptions that may make such evidence admissible. These exceptions include motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b).

Rule 404(b) operates in tandem with Rules 104(b), 402 and 403 to govern admissibility of other bad-acts evidence. *Huddleston v. United States* 485 U.S. 681, 690-92 (1988).  The first requirement is that the evidence be relevant. *Huddleston*, 485 U.S. at 691. In determining relevance, it must be relevant for a purpose other than its propensity value. *Id*.  If it is relevant for a non-propensity purpose, its probative value must not be substantially outweighed by its unfair prejudice. *Id.*

Rule 404(b) operates as a gatekeeper to make sure bad-acts evidence is not introduced solely to prove criminal disposition.

In the case at bar, the government moved to introduce the 404(b) evidence for the purpose of proving intent, lack of mistake and lack of accident. (D.E. 48 Notice Page ID 236).

The evidence of the text message communication is extrinsic in that it falls under the definition of other crimes and an analysis under Rule 404(b) must then be conducted. The government made the following assertions:

### INTENT/LACK OF MISTAKE/LACK OF ACCIDENT

The government argues that the defendant's assertion that he "never intended to receive or possess" child pornography, that he "sought only legal child erotica" and that "there is no way to ensure that one will not "inadvertently [sic] access child pornography while seeking only legal child erotica "put the matter at issue. The other act evidence (the text communications between the defendant and his minor daughter) is not probative of that issue. The content of the text messages does not advance the theory of the government's case that the defendant was guilty of receiving child pornography. It is merely a discussion between a father and his daughter. Although the government alleged it was seeking to introduce the text messages to establish intent; it's actual purpose for introducing these text communications was to show that the defendant is not a good father and that he has

made comments to his minor daughter that would be considered concerning. This was demonstrated by the testimony of Ms. Adams, when she testified that the content of the communications was concerning to her. (D.E. 86 Trial Transcript Page ID 1293-1294).

This is not the purpose of Rule 404(b). To the contrary, by allowing the government to introduce these text messages, the district court created jury confusion which resulted in the defendant being unduly prejudiced by and through the introduction of this extrinsic evidence.

## THE EVIDENCE WAS UNFAIRLY PREJUDICIAL

Finally, the other act evidence the government was permitted to introduce was substantially more prejudicial than probative. These text communications represented uncharged conduct and were intended to place the defendant in an unfavorable position with the jury. This Honorable Court has cautioned that the district court must closely scrutinize the admissibility of such evidence to avoid the inherently unfair prejudice of prior act pattern evidence. As this Honorable Court explained in *United States v. Johnson*, 27 F.3d 1186 (6th Cir. 1994):

> When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact. That, or course, is why the prosecution uses such evidence whenever it can. When prior acts evidence is introduced, regardless of the stated purpose, the likelihood is very great that the jurors will use the evidence precisely for the purpose it may not be considered; to suggest that the defendant is a bad person, a

convicted criminal, and that he "did it before he probably did it again". That is why the trial court's duty to apply Rule 404(b) correctly and, before admitting such evidence, to decide carefully whether it will be more substantially prejudicial than probative.

*Id* at 1193

The government's introduction of prior act evidence at issue here is precisely the same problem identified by this Honorable Court in *Johnson.* This is especially true in light of the fact that, pursuant to Rule 414 of the Federal Rules of Evidence, the government was permitted to introduce in its' case in chief, evidence of the defendant's prior conviction for transportation of child pornography in violation of 18 U.S.C. 2252(A)(a)(1) in the case styled *United States v. Matthew Mercer-Kinser* 09-20001 (E.D. Mich.) (D.E. 31 Notice Page ID 135-137). In the case of *United States v. Bell*, 516 F.3d 432 (6th Cir. 2008) a case involving introduction of 404(b) evidence of prior drug dealing, the court expressed concern that the impact on the jury would show that "once a drug dealer, always a drug dealer". *Id*. at 444. By way of analogy the government in the case at bar is attempting to show that the defendant must be guilty of receiving child pornography because once guilty of a child pornography offense you are always guilty of a child pornography offense.

This is compounded as well by the fact that the government was also permitted to introduce evidence of a "consciousness of guilt" by informing the jury

in its' case in chief that the defendant had attempted to commit suicide by running

onto the interstate into the path of a semi-truck. Arguing that he took this action

because he knew he was guilty. (D.E. 85 Trial Transcript Page ID 1236-1237).

### RES GESTAE AND 404 (b) EVIDENCE.

The district court in the case *sub judice,* referenced that the admissibility of

the text messages was "part of the res gestae of this case". (D.E. 84 Trial

Transcript Page ID 940).  It is well settled that res gestae evidence is also an

exception to Rule 404(b). *United States v. Clay*, 667 F.3d 689, 697 (6th Cir. 2012).

This Honorable Court has recognized the admissibility of res gestae, or

background evidence, in limited circumstances when the evidence is inextricably

intertwined with the charged offense. *United States v. Churn* 800 F.3d 768, 779 (6th

Cir. 2015), *United States v. Hardy* 228 F.3d 745, 748 (6th. Cir. 2000).

The principle of res gestae "does not allow a party to evade 404(b) by

introducing any and all other act evidence.  *United States v. Clay*, 667 F.3d 689,

697 (6th Cir. 2012). Courts must place "severe limitations as to temporal proximity,

causal relationship or spatial connections to avoid rendering 404(b)'s protection

meaningless. *United States v. Clay*, 667 F.3d 689, 698 (6th Cir. 2012).

In this case, the text message communications between the defendant and his

minor daughter are not inextricably intertwined with the allegations of receipt of

child pornography. Accordingly, the district court's ruling allowing the

admissibility of this evidence was in error and the text communications should not have been allowed to be introduced into evidence.

## ISSUE III

## THE DISTRICT COURT ERR IN DENYING THE DEFENDANT'S MOTION TO DISMISS

The standard of review is that a District Court order on a Motion to Dismiss an Indictment is subject to de novo review, *United States v Plavcak* 411F. 3rd 655 (6th Cir. 2005).

The defendant filed a hand written and very lengthy Motion to Dismiss by and through his trial counsel. (D.E. 45 Motion Page ID 184-229). The defendant would submit the district court erred in denying the Motion to Dismiss. The defendant would submit that although he put forth the position that 18 U.S.C. 2252 is "unconstitutionally overbroad on its face", the defendant also submitted that it was overbroad as "applied to Mercer-Kinser, in violation of the Constitution's First Amendment". (D.E. 45 Motion Page ID 186).

It is well settled that the overbreadth doctrine is normally associated with constitutional attacks based on the First Amendment. See *Broadrick v. Oklahoma*, 413 U.S. 601 611-12 (1973). The First Amendment affords protection to symbolic or expressive conduct as well as actual speech. *Virginia v Black*, 538 U.S. 343, 358 (2003). The Supreme Court has held that the Constitution "gives significant protection from overbroad laws that chill speech within the First Amendment's

vast and privileged sphere". *Ashcroft v. Free Speech Coal*., 535 U.S. 234, 244 (2002). The purpose of the overbreadth doctrine is to protect persons who, although their speech or conduct is protected, "may well refrain from exercising their rights for fear of criminal sanctions by a statute susceptible of application to protected expression. *New York v. Ferber* 458 U.S. 747, 768 (1982). It is well established that in the area of freedom of expression an overbroad regulation may be subject to facial review and invalidation, even though its application in the case under consideration may be constitutionally unobjectionable. See, *Forsyth County v. Nationalist Movement* 505 U.S. 123, 131 (1992).

There are two ways to formulate an overbreadth challenge. The first is to attack the statute on its' face. This would only generally apply if "no set of circumstances exists under which the statute would be valid". *Members of City Council of Los Angeles v. Taxpayers for Vincent* 466 U.S. 789, 796 (1984). The second type of overbreadth attack is an attack on the statute as applied to the facts of the case before the court. "An ordinance which is not overbroad on its face may nevertheless be unconstitutional as applied if it is enforced against a protected activity. *Felix v. Young* 536 F.2d 1126, 1134 (6th Cir. 1976). The inquiry in an as-applied challenge is determined based on whether the defendant's actual conduct is constitutionally protected. See, *Bd. of Trs. of State Univ. of New York v. Fox* 492 U.S. 469, 482-84 (1989).

In the case at bar, the district court, in denying the defendant's motion to dismiss, ruled in part as follows: "arguments are foreclosed by existing precedent." The district court ruled further that the defendant's "argument that the statute's language does not adequately ensure he will not be convicted without proof that he knew he received or intended to access child pornography has been rejected by the Sixth Circuit in *United States v. Brown*, 25 F.3d 307 (6th Cir. 1994) (D.E. 51 Page ID 245-247).

In the *Brown* case, this Honorable Court addressed the question of whether 18 U.S.C. 2252(a)(2) was unconstitutional because the statute lacked a scienter element. It was not an as-applied challenge. Unlike *Brown*, the issue in the case at bar is specifically directed to the facts of this case. The question is whether the defendant's First Amendment rights have been violated by means of an unconstitutional application to the activities of this particular defendant.

In this case, the district court permitted the following:

1. The government used the text communications between the defendant and his daughter. (D.E. 86 Trial Transcript Page ID 1295-1296, Exhibit 8)

2. The government introduced the defendant's activities in a constitutionally protected free speech internet web forum bookmark to incriminate the defendant as to receipt of child pornography. (D.E. 85 Trial Transcript Page ID 1188-1189)

3. The government introduced images that depicted child erotica and not child pornography. (D.E. 85 Trial Transcript Page ID 1201-1207)

4. The government introduced text communications between the defendant and individuals who were engaged in protective speech involving the subject matter of various sexual behaviors. (D.E. 85 Trial Transcript page ID 1185-1189)

All of these actions are protected under the First Amendment as well as the constitutional right to association. In the prosecution of this defendant for violation of 18 U.S.C. 2252A(a)(2) the introduction of this information to the jury was intended to criminally sanction him for engaging in protected speech.

As noted, the inquiry in an as-applied challenge is whether the defendant's actual conduct is constitutionally protected. See, *Bd. of Trs. of State Univ. of New York v. Fox* 492 U.S. 469, 482-84 (1989).

The district court erred when it denied the defendant's motion to dismiss.

## CONCLUSION

The government in its opening statement stated, "this really is a simple case". (D.E. 85 Trial Transcript Page ID 1137) The District Court's ruling in admitting extraneous and extrinsic evidence caused this case to become convoluted, confusing, and misleading. The issue that should have been decided was whether the seven images extracted from the defendant's cell phone was child

pornography or child erotica. The District Court permitted introduction of text communications between the defendant and his minor daughter. The District Court did not utilize its authority as thirteenth juror to assure the images introduced to the jury were child pornography.  In addition, although unchallenged pretrial, the introduction of the prior conviction of the defendant for transportation of child pornography as well as the suicide attempt also confused the ultimate issue to be determined by the jury. Accordingly, the defendant was denied his due process right to a fair trial. Given the totality of the circumstances the conviction should be reversed.

That for the aforementioned facts and law your defendant would respectfully request that this Honorable Court reverse the decisions of the District Court.

> Respectfully submitted,
> Camp & Camp Law Firm
>
> /s/ David W. Camp_____
> David W. Camp (#013739)
> Attorney for Matthew Mercer-Kinser
> 403 N Parkway, Suite 201
> Jackson, Tennessee 38305
> (731) 664-4499
> david@campattorney.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded by electronic means via the Court's electronic filing system to:

Ms. Erin S. Shaw
Office of the U.S. Attorney
211 W. Fort Street
Suite 2001
Detroit, MI 48226


s/David W. Camp
DAVID W. CAMP, Atty.

Date: 10/28/2024

## CERTIFICATION OF COMPLIANCE

I hereby certify that the above brief is comprised of 6,360 words in Times New Roman 14-point font and therefore complies with the requirements for a principal brief under Federal Rule of Appellate Procedure.

/s/ *David W. Camp*
David W. Camp
Attorney for Appellant

**United States of America v Matthew Mercer-Kinser**
**Docket No. 24-1227**

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Appellant, pursuant to Sixth Circuit Rules 28(c) & 30(b), hereby designates the following filings in the District Court's record as entries that are relevant to this appeal:

| Date | DE No. | Page ID | Description |
|------|--------|---------|-------------|
| 11/01/2019 | 1 | 1-21 | Criminal Complaint |
| 04/01/2021 | 28 | 108-115 | Motion |
| 04/15/2021 | 29 | 119-120 | Government Response |
| 08/02/2021 | 31 | 135-137 | Notice |
| 08/10/2021 | 32 | 138-142 | Order |
| 01/23/2023 | 45 | 184-229 | Motion to Dismiss |
| 02/03/2023 | 48 | 236 | Notice |
| 02/15/2023 | 51 | 245-247 | Order Denying |
| 02/28/2023 | 57 | 321-322 | Verdict Form |
| 03/19/2024 | 74 | 676-677 | Notice of Appeal |
| 06/13/2024 | 81 | 835 | Sentencing Transcript |
| 06/28/2024 | 84-87 | 936-1504 | Transcript |